IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

VINCENTE MAGANA-ARANDA,

        Defendant.
_____/

CR. NO. S-97-0609 EJG

<u>ORDER DENYING REQUEST FOR WRIT OF AUDITA QUERELA</u>

    Defendant, a federal prisoner proceeding pro se, has filed a motion purporting to be a "common law writ of audita querela" through which he seeks to vacate his sentence and set aside his conviction.  For the reasons that follow, the requested relief is DENIED.

<u>BACKGROUND</u>

    Defendant was convicted October 9, 1998, following a jury trial, of conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced January 11, 1999 to a term of 135 months incarceration and five years supervised

1

release. His sentence and conviction were affirmed by the Ninth Circuit Court of Appeals in an unpublished memorandum disposition filed June 2, 2000. Four years after his conviction was affirmed, defendant filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, contending that the Supreme Court's <u>Blakely v. Washington</u> decision was an intervening change in the law that mandated re-evaluation of defendant's sentence. An order denying the motion as untimely was filed September 7, 2004.

The instant motion, filed February 28, 2005, is defendant's most recent post-conviction challenge, and seeks to set aside, correct or vacate his sentence based on the Supreme Court's <u>Booker/Fanfan</u> decision, issued in January of this year. Defendant argues he is entitled to the benefit of that case because his sentence was enhanced based on facts not found beyond a reasonable doubt by the jury.

<u>DISCUSSION</u>

Recognizing that he is procedurally barred from asserting his claim as a section 2255 motion, defendant has applied other labels. Initially characterized as a writ of error audita querela (defendant's moving papers) and later as a <u>Winship</u> claim (defendant's reply papers), stripped to its essence, defendant's motion is a collateral attack on his conviction which is appropriate only as a motion to vacate, set aside or correct his sentence pursuant to section 2255. "[A] federal prisoner may not challenge a conviction or sentence by way of a petition or a writ

2

of audita querela when that challenge is cognizable under §2255." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).

Defendant's motion, no matter how it is labeled, seeks to vacate his sentence. The only vehicle for doing so given the post-conviction procedural posture of the case is through a section § 2255 proceeding. The fact that defendant's request for relief under that statute has been previously denied does not allow him access to other avenues of postconviction relief. Common law writs such as *coram nobis* and *audita querela* are available only to fill gaps in the federal postconviction remedial framework. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997). The procedural limitations of time (one year from date of conviction) and quantity (no successive petitions without circuit court approval) imposed by Congress and the Supreme Court on defendants seeking to challenge convictions by way of section 2255 motions do not create a gap that can be filled by resort to legal means. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Valdez-Pacheco, 237 F.3d at 1080. In other words, section 2255 is not an inadequate remedy merely because it procedurally bars defendant's claim.[1]

---

[1] Moreover, even were the court able to consider defendant's claim, it would fail. The Supreme Court has not made Booker/Fanfan retroactive to cases on collateral review.

3

## CONCLUSION

Based on the foregoing, defendant's request for a writ of audita querela is DENIED.

IT IS SO ORDERED.

Dated: June 8, 2005

                                  /s/ Edward J. Garcia
                                  EDWARD J. GARCIA, JUDGE
                                  UNITED STATES DISTRICT COURT